**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**NATHAN BAUMER et al.**
§
§
§   Civil Action No. 4:11-CV-607-Y
-vs.-                           §
§
§
**AMOUZOU SATU et al.**         §

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

(1) A brief statement of the nature of the case, including the contentions of the parties;

    **This case was filed after Plaintiff made a loan in the amount of $250,000 on or about September 2010 to Robert Palmer and Melanie Giles to be used as a bond to secure a much larger loan in the amount of $8,000,000 from MSA, Inc. President Amouzou Satu, Vice President - David Naranjo. The loan in the amount of- $250,000.00 was transferred by Plaintiffs Broke Matheson/Professional Imaging LLC through Bank of America and then to MSA Inc. The $8,000,000 from MSA, Inc. was never finalized. Plaintiffs requested the return of the funds from Defendant, Satu Amouzou, President of MSA, Inc. Plaintiffs have not received payment for from any party. Satu Amouzou has instead given numerous excuses for not returning the Plaintiffs' funds including delays in bank transfers immediately following the Plaintiffs written request for the return of the funds.**

    **Defendants David Naranjo and Satu Amouzou have filed answered making general denials of the filed complaint.**

    **Defendants Melanie Giles and Speech Therapy Group, through counsel, have filed Motions for dismissal for lack of personal jurisdiction which have been granted by the Court.**

    **Defendant Ron Parker has been voluntarily dismissed by Plaintiffs.**

    **All other Defendants have not yet been served.**

(2) Any challenge to jurisdiction or venue;

    **None challenge to jurisdiction or venue has been made by any defendants served that are currently still parties to the complaint.**

(3) A brief description of any matters that require a conference with the Court;

    **No matters currently require a conference with the Court.**

(4) An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

**No other party is likely to be joined.**

(5) When the disclosures required by Fed. R. Civ. P. 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Fed. R. Civ. P. 26(A)(1)(B);3

**All parties must make the initial disclosures required by Fed. R. Civ. P. 26 (a)(1)(A) at or within 14 days after the parties' Rule 26(f) conference.**

(6) (a) A very brief statement of the subjects on which discovery may be needed,

**Subjects on which discovery may be needed include but not limited to Defendant's placement and use of Plaintiff's funds, location of the funds, delay and refusal to return Plaintiff's funds, misrepresentations to Plaintiff's in regards to placement of the funds in escrow.**

(b) When discovery should be completed, and

**8 months from the initial pretrial and scheduling conference.**

(c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues;

**Discovery does not need to be conducted in phases or limited to or focused upon particular issues**

(7) What changes, if any, should be made in the limitations on discovery imposed under the federal or local rules, and what other limitations, if any, should be imposed;

**There are no changes or limitations on discovery that should be imposed under the federal or local rules.**

(8) A statement regarding whether any other orders should be entered by the Court under Fed. R. Civ. P. 26(c) or under Fed. R. Civ. P. 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the joint status report and proposed discovery plan.);

**There are no other orders that should be entered by the Court under Fed. R. Civ. P. 26(c)or under Fed. R. Civ. P. 16(b) or (c).**

(9) Whether a jury has been demanded;

**No jury has been demanded.**

(10) Whether the parties will consent to the referral of this case to a United States magistrate judge, who will preside over all pretrial proceedings and trial (whether jury or nonjury). See 28 U.S.C. § 636(c); F.R.C.P. 73. The parties are advised that they are free to withhold consent without adverse substantive consequences. If one or more of the parties does not consent, this fact should be communicated only by stating in the joint status report that "the parties could not agree to refer this case to the magistrate judge."

**Parties could not agree to refer this case to the magistrate judge.**

(11) (a) An assessment of the prospects for settlement,

**The prospects of settlement are unlikely given that the served defendants, who are currently parties to the complaint, have not made any attempts to communicate nor responded to Plaintiffs' attempts to communicate.**

(b) The status of any settlement negotiations already conducted, (except that in a nonjury case the parties shall not disclose settlement figures), and

**This is a nonjury case.**

(c) The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear in person to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith); and

**Parties have not come to an agreement as to the specific date, place and time of a formal settlement conference.**

(12) An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.

**Plaintiff's counsel is amenable to mediation and would be best if ordered in lieu of the Court-ordered settlement negotiations.**

(13) A statement that counsel have read the *Dondi* decision, 121 F.,R.D. 284 (N.D. Texas 1988). The *Dondi* opinion is also available on the Northern District of Texas website at http://www.txnd.uscourts.gov/publications/html.

**Plaintiff's counsel has read the Dondi decision, 121 F.,R.D. 284 (N.D. Texas 1988).**

(14) Any other matters relevant to the status and disposition of this case.


Multiple attempts were made to communicate with defendants and the attorney that Defendant Satu indicated was representing the parties in this suit. Please see timeline below.

January 4, 2012 – I communicated directly with defendants via telephone and email. I was able to get their input regarding the information requested in the status report although both defendants failed to sign the status report.

March 31, 2012 – I attempted to contact Attorney Brian Gard, licensed in California and not currently a member of the Northern District Court of Texas, via the information provided by defendant Satu. Attorney Gard did not respond.

April 3, 2012 I made a second attempt to communicate with Attorney Brian Gard. He did not respond to this communication either.

April 6, 2012 This was the third and final attempt to communicate with Attorney Gard regarding the status report.

Plaintiffs are amenable to settlement of the case if Defendants will return the loan made in the amount of $250,000 plus expenses incurred and losses suffered in pursuit of recovering the funds.

                                                Respectfully Submitted,

                                                /s/ Elsa Soto_____
                                                Elsa Soto
                                                Attorney at Law
                                                Bar No. 24072357
                                                308 E. 9th Street, #403
                                                Los Angeles, CA 90015
                                                Tel 254-744-1362
                                                Fax 213-478-0896

## CERTIFICATE OF SERVICE

      I certify that on April 9, 2012 I served a copy of the Joint Status Report Address via CM-RRR on the parties listed below as follows:

| | |
|---|---|
| David Naranjo | Satu Amouzou |
| 11750 Sorrento Valley Rd. | 11750 Sorrento Valley Rd. |
| Suite 159 | Suite 159 |
| San Diego, CA 92121 | San Diego, CA 92121 |

                                                /s/ Elsa Soto_____
                                                Elsa Soto
                                                Attorney at Law
                                                Bar No. 24072357
                                                308 E. 9th Street, #403
                                                Los Angeles, CA 90015
                                                Tel 254-744-1362
                                                Fax 213-478-0896